# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAWRENCE J. SMITH,<br>    Plaintiff | CIVIL ACTION NO. 3:CV-11-883 |
| v. | (Judge Nealon) |
| MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br>    Defendant | (Magistrate Judge Mannion) |

FILED SCRANTON
SEP 1 2 2012
PER _____ DEPUTY CLERK

## MEMORANDUM

On May 10, 2011, Plaintiff, Lawrence J. Smith, filed a complaint seeking review of the Commissioner of Social Security Administration's decision denying his claim for disability insurance benefits ("DIB") and supplemental security income ("SSI"). (Doc. 1). A Report was issued by United States Magistrate Judge Malachy E. Mannion on August 22, 2012, recommending that Plaintiff's appeal be denied. (Doc. 16). Objections to the Report and Recommendation ("R&R") were due on or before September 10, 2012, but no objections have been filed. After considering the review and reasoning of the Magistrate Judge, the R&R will be adopted.

## Discussion

When neither party objects to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report, under de novo or any other standard. Thomas v. Arn, 474 U.S. 140, 152 (1985); 28 U.S.C. § 636(b)(1)(C). Nevertheless, the Third Circuit Court of Appeals has held that it is better practice to afford some level of review to dispositive legal issues raised by the report. Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987), writ denied 484 U.S. 837 (1987); Garcia v. I.N.S., 733 F. Supp. 1554, 1555 (M.D. Pa.

1990) (Kosik, J.) (stating "the district court need only review the record for plain error or manifest injustice"). In the absence of objections, review may properly be limited to ascertaining whether there is clear error that not only affects the rights of Plaintiff, but also seriously affects the integrity, fairness, or public reputation of judicial proceedings. Cruz v. Chater, 990 F. Supp. 375, 377 (M.D. Pa. 1998) (Vanaskie, J.).

Upon review of the present appeal, it is concluded that the Magistrate Judge has not erred in recommending that the appeal be denied. Plaintiff applied for DIB and SSI in May 2007 alleging disability since April 30, 2007 due to status-post left shoulder partial rotator cuff tear with tendinitis, testicular pain, arthritis and hypertension. (Doc. 13, pg. 3; Tr. 19-20, 134, 158, 166). The Magistrate Judge determined that there is substantial evidence supporting the ALJ's decision. (Doc. 16). The Magistrate Judge reviewed the ALJ's discussion of the five-step sequential evaluation process and noted that the ALJ determined that Plaintiff is capable of performing a limited range of medium work.[1] (Doc. 16, pgs. 2-4). At step one, the ALJ concluded that Plaintiff had not engaged in substantial gainful activity at any time since his alleged disability onset date, April 30, 2007. (Doc. 16, pg. 3; Tr. 19). At step two, the ALJ

---

[1] The steps in the process are as follows:

(1) Is the individual engaging in substantial gainful activity?
(2) Does the individual have a severe impairment?
(3) Does the individual have an impairment which meets or equals the listing of impairments as set forth in 20 C.F.R. part 404, subpart P, appendix 1?
(4) Does the individual retain the residual functional capacity ("RFC") to engage in his past relevant work? and
(5) If an individual does not have the capacity to engage in his past work, does he retain the capacity to perform jobs which exist in significant numbers in the national economy?

See Social Security Ruling 86-8; 20 C.F.R. § 404.1520.

determined that Plaintiff suffered from the severe impairment of status-post left shoulder partial rotator cuff tear with tendinitis. (Tr. 19). The ALJ then determined, at step three, that Plaintiff's impairment did not meet or equal any of the listing requirements. (Tr. 19-20). At steps four and five, the ALJ found that Plaintiff is not capable of performing his past relevant work but has the residual functional capacity to perform a limited range of medium duty work. (Doc. 16, pg. 4; Tr. 20-23). Thus, Plaintiff was found to be not disabled. (Doc. 16, pg. 4; Tr. 24).

Plaintiff argues that the ALJ should have determined that he is capable of performing only sedentary work and, therefore, pursuant to the Grid Rules, he would have been found disabled. (Doc. 13, pgs. 8-10). However, the Magistrate Judge stated that there is no evidence of record identifying Plaintiff's functional limitations, and that substantial evidence supports the ALJ's finding that Plaintiff remains capable of performing a medium work. (Doc. 16, pgs. 9-12).

Having received no objections, the Report and Recommendation will be adopted. An appropriate order follows.

**Date:** September 12, 2012

_____
**United States District Judge**